IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RODNEY K. PAPSE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 07-0024-S-EJL |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM ORDER** |
| GARY BARRIER, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal. (Docket No. 10.) Petitioner has filed his response to the Motion, and the Court had determined that oral argument will not be necessary to resolve this matter. D. Idaho L. Civ. R. 7.4(d)(2).

For the reasons that follow, the Court will grant Respondent's Motion, and this case shall be dismissed.

## BACKGROUND

In 2002, Petitioner pled guilty in state court to one count of aggravated driving under the influence and one felony count of attempting to elude a police officer. Petitioner was sentenced to a controlling term of five to ten years in prison, and judgment was entered on January 10, 2003. Petitioner did not file a direct appeal, and his subsequent motions to reduce and correct his sentences under Idaho Criminal Rule 35 were unsuccessful.

**MEMORANDUM ORDER - 1**

On January 28, 2005, Petitioner filed an application for post-conviction relief in state district court, which was eventually dismissed on several grounds, one of which was a lack of timeliness. The Idaho Court of Appeals affirmed solely on that ground, and the Idaho Supreme Court declined to review the case. The remittitur was issued on October 27, 2006.

On January 11, 2007, Petitioner filed a habeas corpus petition in this Court, raising two constitutional claims. (Docket No. 3, pp. 2-7.) Chief Magistrate Judge Mikel H. Williams conducted an initial review of the Petition and ordered Respondent to submit a response. Respondent has filed the present Motion for Summary Dismissal, arguing that the Petition is time-barred, that the first claim is procedurally defaulted, and that the second claim is unexhausted. The case has since been reassigned to the undersigned to resolve Respondent's Motion. (Docket No. 13.)

Because the Court concludes that Petitioner has failed to comply with the statute of limitations, it will dismiss this case on that basis without reaching Respondent's alternative arguments.

## STANDARD OF LAW

Habeas petitions filed after the enactment of the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA) are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). The one-year period generally begins to run from the date on which the judgment of conviction became final in state court, either upon completion of direct review or after the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A).

**MEMORANDUM ORDER - 2**

The statute provides for tolling (stopping) of the limitations period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This is known as "statutory tolling."

The limitations period also may be tolled for fairness reasons when an extraordinary circumstance prevented the petitioner from filing on time ("equitable tolling"). *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005). A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

## DISCUSSION

In the present case, Petitioner did not file a direct appeal after the judgment was entered on January 10, 2003, and the federal statute of limitations began to run when the time to appeal expired 42 days later, on February 21, 2003. *See* Idaho Appellate Rule 14(a). Petitioner filed his first Rule 35 motion to reduce his sentences in state district court 25 days after that date. (State's Lodging A-1, p. 25.) Assuming for the sake of argument that this motion was a "properly filed . . . application for other collateral review," 28 U.S.C. § 2244(d)(2), the limitations period would have been statutorily tolled from that point until January 23, 2004, when the Idaho Supreme Court issued its remittitur on appeal. (State's Lodging B-3.)

**MEMORANDUM ORDER - 3**

Petitioner waited another 60 days before filing his second Rule 35 motion in district court, which arguably tolled the limitations period again until the appeal in that collateral matter became final on June 2, 2004. (State's Lodging C-4, C-5.) By that time, 85 days of the one-year limitations period had elapsed. The limitations period then ran unabated, expiring 280 days later, on March 9, 2005. Petitioner's January 11, 2007 Petition for Writ of Habeas Corpus is nearly two years late.

In reaching this conclusion, the Court has determined that Petitioner's application for post-conviction relief, filed on January 28, 2005, did not toll the limitations period under § 2244(d)(2). This is so because the Idaho Court of Appeals concluded that the application was time-barred under state law. (State's Lodging E-4, p. 5.) In *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005), the United States Supreme Court held that a state post-conviction action that has been dismissed as untimely is not "properly filed" under § 2244(d)(2). Specifically, the Court held that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id*. at 414 (citation omitted).

Most of Petitioner's arguments in his Response to Respondent's Motion for Summary Dismissal are unclear or irrelevant to the issues at hand, but he does appear to allege that he has a mental disability, perhaps due to long-term drug and alcohol abuse. While it is true that a compelling showing of mental illness or incompetency can warrant equitable tolling of the federal limitations period under certain circumstances, *see Laws v. Lamarque*, 351 F.3d 919,

**MEMORANDUM ORDER - 4**

923 (9th Cir. 2003), this Court concurs with the Idaho Court of Appeals that Petitioner's assertion that a mental deficiency prevented him from pursuing his rights diligently is not supported by any specific evidence that might create an issue of material fact. Petitioner's claim is also contradicted by the record, which shows that he had sufficient capacity to articulate, file, and litigate various *pro se* pleadings in state court. Moreover, a general lack of legal knowledge or sophistication is not an extraordinary circumstance that entitles a petitioner to equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Accordingly, because Petitioner's Petition is time-barred, Respondent's Motion for Summary Dismissal shall be granted, and this cause of action shall be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 10) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus is DISMISSED.

DATED: **December 18, 2007**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 5**